# CHARLESTON

KIDWELL v. CHESAPEAKE & OHIO RAILWAY COMPANY.

Submitted January 18, 1911.   Decided January 28, 1913.

1.   CARRIERS—*Relation of "Passenger" and Carrier.*
     The relation of passenger and carrier begins when one presents himself at a passenger station of the carrier, in readiness to be transported to his destination, under such circumstances of time, place, manner and condition that the carrier must be deemed to have accepted him as a passenger. (p. 666).

2.   SAME.
     No formal act of delivery of one's person into the care of a railroad company, or of acceptance by the latter of one who presents himself for transportation, is essential to constitute the relation of passenger and carrier.   The existence of such relation is ordinarily implied from circumstances.   (p. 666).

3.   SAME—*"Passenger"—Relationship—Purchase of Ticket.*
     The purchase of a ticket does not alone operate to constitute that relation, nor is such purchase essential to its existence, though it may be considered as one among other elements entering into the inception of such relation.   (p. 667).

4.   SAME—*Relationship of "Passenger" and Carrier—Evidence.*
     One upon the premises of a railroad company to purchase a ticket for passage over its lines on a train scheduled to depart eight hours later, intending in the meantime to remain in the city of purchase and not upon the premises of the company, and therefore not under its care or control. is not a passenger within the proper meaning of the term.   (p. 666).

ROBINSON, JUDGE, absent.

Error to Circuit Court, Cabell County.

Action by Herbert Kidwell against the Chesapeake & Ohio Railway Company.   Judgment for plaintiff, and defendant brings error.

*Reversed and New Trial Granted.*

*Simms, Enslow, Fitzpatrick & Baker*, for plaintiff in error.
*Isbell & Perry*, for defendant in error.

LYNCH, JUDGE:

This is an action of trespass on the case for damages. The declaration alleges that the plaintiff had become and was at the time of the injury a passenger in and at the defendant's railroad station in Cincinnati, Ohio, and as such entitled to transportation therefrom to Huntington, West Virginia, and to that degree of care due from carrier to passenger; and that, while sustaining such relation, he was assaulted and injured by an officer of the defendant company.

There was a verdict and judgment in favor of the plaintiff. Though urging in its brief only two grounds for reversal, others, imperfectly and in some   degree   inconsistently   stated,   are assigned by defendant in its petition for the writ of error and otherwise appear in the record.

*First.* The demurrer to the declaration was overruled. The declaration sufficiently states a cause of action, which, if sustained by proof, would entitle the plaintiff to a verdict. It is clear, therefore, that the demurrer was properly overruled.

*Second.* The declaration avers that the plaintiff was a passenger at the time and place of the injury. The facts proven are that on June 16, 1907, the plaintiff and his mother resided in Huntington, and that on that day, desiring to visit for one week the married daughter of the mother and sister of the plaintiff, he purchased two excursion tickets entitling them to passage from Huntington to Cincinnati and return. The coupons were good only on the day of purchase and on the return trip of the excursion train. Arriving in Cincinnati, the plaintiff sold the return coupons. Between ten and eleven o'clock in the morning of June 23rd the plaintiff went to the defendant's platform near its passenger station in Cincinnati, for the purpose of purchasing from incoming excursionists two return coupons, issued that day by defendant at Huntington under the same limitations as the former excursion tickets, entitling him and his mother to passage on the return trip of the excursion train on that day to Huntington leaving the station at seven o'clock P. M., intending in the meantime to remain at the home of his sister in Cincinnati until the departure of the excursion train; and, while still on the platform of defendant, he was assaulted, arrested and injured. The arresting officer demanded of plaintiff the tickets so

71 W. Va.

procured, and, being refused, assaulted him in the manner stated. The validity of the tickets is conceded.

Under these conditions, this Court is of opinion, and holds, that the plaintiff was not, at the time and place of assault, a passenger within the legal meaning of the term, and therefore not entitled to that degree of care due from a carrier to a passenger. The trial evidently proceeded upon the theory that the purchase of the tickets was sufficient to constitute the plaintiff a passenger, and hence to require the carrier to afford him that degree of safety and security imposed by law in such cases. One may become a passenger without a ticket, if by some act on his part he places himself in the care or control of the carrier, intending in good faith to become a passenger, and is accepted by the carrier as such, although of necessity the existence of the relation is commonly to be implied from attending circumstances. *Gardner* v. *New Haven Railroad Co.,* 51 Conn. 143, 50 Am. Rep. 12; 5 Am. & Eng. Enc. Law (2nd. ed.) 488; *Strong* v. *Railroad Co.,* 116 Ill. App. 246; *Riley* v. *Vallejo Ferry Co.,* 173 Fed. 331. But the purchase of a ticket was not alone sufficient to make plaintiff a passenger. 1 Elliott on Railroads, § 1579; *Spanagle* v. *Chicago & A. Railroad Co.,* 31 Ill. App. 460; *Schurr* v *Houston,* 10 N. Y. S. 262; While Per. Inj. on Railroads, § 555.

In addition to these elements of the relation, the decisions also indicate that the intending passenger must come to the station, and within the implied care or control of the carrier, a reasonable time before the departure of the train by which he is to travel. *Harris* v. *Stevens,* 31 Vt. 79, 73 Am. Dec. 337; *Phillips* v. *Railroad* Co., 124 N. C. 123, 4 L. R. A. 163; *Abbott* v. *Railroad Co.,* 46 Ore. 549, 80 Pac. 1012, 114 Am. St. 885, 7 Am. & Eng. Ann. Cas. 962; *Heinlin* v. *Railroad Co.,* 147 Mass. 136, 16 N. E. 698, 9 Am. St. 676. In *Harris* v. *Stevens, supra,* it is said: "The right to enter and remain at a railroad station extends only so far as is reasonably necessary to secure to the traveler the full and perfect exercise of his right to be carried upon the cars, and what is a reasonable time will depend upon the circumstances of each particular case"; that one's right to remain at a railroad station depends on his intent to take a train expected soon to leave. *Layne* v. *Railway Co.,* 68 W. Va. 214, and other cases, hold that a passenger has a reasonable time after reaching his

destination to leave the carrier's premises, and that the question whether he failed to depart within a reasonable time is one of fact for the jury.  But what facts legally constitute one a passenger is a question of law.  *Railroad Co.* v. *O'Keeffe,* 168 Ill. 115, 48 N. E. 294, 61 Am. St. 68, 39 L. R. A. 148; *Railroad Co.* v. *Jennings,* 190 Ill. 378, 54 L. R. A. 826.

The case most elaborately discussing the elements constituting the relation of carrier and passenger is *Webster* v. *Railroad Co.,* 161 Mass. 298, 37 N. E. 165, 24 L. R. A. 251.  There the contention for the plaintiff was that "inasmuch as he had previously obtained a ticket, and was on the defendant's premises in a place designated for the use of passengers outside of the station, and was about to take a train, he had become a passenger."  The court did not accept this view, but held that "one becomes a passenger when he puts himself into the care of a railroad company to be transported under a contract and is received and accepted by the company.  There is hardly ever any formal act of delivery of one's person into the care of a carrier, or of acceptance by the carrier of one who presents himself for transportation, and so the existence of the relation of passenger and carrier is commonly to be implied from circumstances.  These circumstances must be such as to warrant an implication that one has offered himself to be carried on a trip about to be made, and that the other has accepted his offer and has received him to be properly cared for until the trip is begun and then to be carried over the railroad.  A railroad company holds itself out as ready to receive as passengers all persons who present themselves in a proper condition and in a proper manner at a proper place to be carried.  It invites every body to come who is willing to be governed by its rules and regulations.  In a case like this, the question is whether the person has presented himself in readiness to be carried under such circumstances in reference to time, place, manner and condition that the railroad company must be deemed to have accepted him as a passenger.  Was his conduct such as to bring him within the invitation of the railroad company?  In *Dodge* v. *Boston & Bangor Steamship Co.,* 148 Mass. 207, it was said: 'When one has made a contract for passage upon a vehicle of a common carrier, and has presented himself at the

proper place to be transported, his right to care and protection begins.' "

This statement of the principle has been frequently repeated by courts and textwriters. This case and many others show that the relation of carrier and passenger can be created only by contract, express or implied; that there must be an offer to become a passenger on the one part, and an acceptance of the offer on the other. *Higley* v. *Gilmer,* 3 Mont. 90, 35 Am. St. 450; *Schaefer* v. *Railway Co.,* 128 Mo. 64; 5 Am. & Eng. Enc. Law (2d ed.) 488, 489; 6 Cyc. 536; While, Per. Inj. on Railroads, § § 552, 554; Van'Zile on Bail. & Carr. (2d. ed.) 635 *et seq.; Berry* v. *Railroad Co.,* 124 Mo. 223. They sustain the view, already announced, that the plaintiff was not, at the time of the assault, a passenger of the defendant company.

This holding must not be construed as denying plaintiff's right to protection, or as exonerating the defendant from liability for the injuries for which he seeks redress. On the contrary, we hold that he was upon the premises of the defendant, at its implied invitation, at the time and place mentioned, for a lawful purpose, and therefore entitled to that degree of care due from a carrier to a licensee. The cause of action and the facts proven are variant. However, we do not, for this reason, deny the plaintiff any relief, but hold that he may amend his declaration so as to admit the proof adduced upon the trial.

*Third.* The defendant urges the insufficiency of plaintiff's evidence to establish the employment and service of the assaulting officer on behalf of the company. That employment and service was a matter for the jury, and we can not say it erroneously found in favor of the plaintiff in that respect.

*Fourth.* From the confused and uncertain condition of the record and the assignment of errors, it is difficult to determine what defendant relies upon for reversal. Its brief discusses two points: that plaintiff was not a passenger, and that the assaulting officer was not employed by or in the service of the defendant. The motion to exclude the evidence and direct a verdict for defendant was made and repeated at different stages of the trial, and at the close there was a request and refusal to give a mandatory instruction for defendant. The defendant moved to set aside the verdict and for a new trial. But none of these mo-

tions definitely assigned or pointed out the reasons upon which they were based, nor did the instruction. It is permissible to assume that each is based upon variance between the proof and the allegations. But the defendant waived the benefit of its motion to exclude plaintiff's evidence after its introduction in chief, by proceeding with the introduction of evidence in its behalf. *Carrico* v. *Railway Co.*, 35 W. Va. 389; *Fuller* v. *Mining Co.*, 64 W. Va. 437, 439; *Ewart* v. *Fuel Co.*, 68 W. Va. 10. Ordinarily, where reliance is had upon variance, it is usual to designate the deficiency or point of variance. That is the prevailing practice in most jurisdictions, especially where there is some proper evidence tending to support the main issues. Besides, this practice is reasonable and fair both to the court and litigants. Thus the court's attention is directed to the divergence, and if a variance exists the opposite party may obtain leave to amend and accordingly amend his pleading to cure the defect. It may not have been deemed necessary, and perhaps was not necessary, in this case, because of the patent defect we have found. In any event, the trial court should have permitted, and we permit, the plaintiff to amend his declaration.

*Fifth.* It is also urged that the verdict of the jury is excessive. That is a matter for jury determination, and its finding in that respect can not be, and is not, disturbed upon this hearing. Such findings of juries, generally, can not be disturbed unless the amount allowed is so great as to evince prejudice, partiality or corruption on the part of the jury, or to show that they were misled by some mistaken view of the merits of the case. *Trice* v. *Railway Co.*, 40 W. Va. 271, 21 S. E. 1022; *Stevens* v. *Friedman*, 58 W. Va. 78, 51 S. E. 132; *Nichols* v. *Camden*, 6 W. Va. 409, 59 S. E. 968; *Railway Co.* v. *Fortune*, 107 Va. 412, 59 S. E. 1095.

For reasons assigned, the judgment of the circuit court is reversed, the verdict set aside, and a new trial awarded, with leave to the plaintiff to amend his declaration.

*Reversed and New Trial Granted.*

POFFENBARGER, PRESIDENT, *(dissenting)*.:

Although the declaration charges the relation of passenger and carrier at the inception of the alleged wrongs complained of, it goes further, averring facts constituting ground of liability

wholly independent of that relation. It says: "The said defendant, through and by its agents and employees, then and there was wrongfully, negligently, injuriously, and maliciously, and without any probable cause, arrested, beaten, and caused to be arrested and to be beaten then and there in a public place, and in the presence of a large crowd of people, and led through the public streets in the city of Cincinnati, as aforesaid, and led and caused to be led along and over the public streets of said Cincinnati to what is known as the Fourth Street Depot in said Cincinnati, and while so arrested he was then and there unlawfully held and led by three men, agents and employees of the said defendant at and near the said passenger depot of the said defendant in the said City of Cincinnati, on, through, upon and along the principal streets in the said city of Cincinnati, and in the day time, to the said Fourth Street Station or depot, at which said station said defendant was released without any charge being preferred against him by the said defendant through and by its agents and employes, or anyone else, and which said charge was then and there, or supposed charge, released and the said supposed charge as aforesaid was unfounded, and the said plaintiff was then and there, by the said employees of the said defendant after being arrested as aforesaid, to-wit, on the day and year last aforesaid, at the City of Cincinnati, released, and the matter then and there finally ended."

The assault and battery and false arrest constitute the gravaman of the charge. Passenger or not a passenger, these are actionable wrongs, and they are the acts charged in the declaration. Plaintiff's evidence, if believed by the jury, sustains them, and makes a clear case of right to recover. On such a showing, the allegation as to the plaintiff's status becomes immaterial and may be treated as surplusage. The legal effect of the acts complained of is exactly the same, whether the plaintiff was a passenger or not. Under an averment of one cause of action, plaintiff cannot prove another and different one, *Hawker* v. *Railroad Co.,* 15 W. Va. 628; but that has not been attempted here. To the clear and sufficient allegations of beating and false arrest, the plaintiff has merely added immaterial matter of time, circumstances and relationship. The case falls under the principle of *Gerst* v. *Jones,* 32 Grat. 518, in which, under allegations of ex-

press warranty, proof of an implied warranty was admitted. As the legal effect of each of the classes of warranty was the same, the allegation as to class was immaterial. In *Patton et als.* v. *Elk River Nav. Co.,* 13 W. Va. 259, an action for the recovery of the purchase price of logs, the declaration averred the contract, stated the title to the land from which they had been cut to be in the defendant, and then averred it was not in the defendant and the court declared the allegation immaterial. See also *Burton* v. *Hansford,* 11 W. Va. 474. Application of the theory of variance is clearly negatived by these precedents.

If there was a variance, I should be unwilling to reverse, because it was not pointed out or claimed in the court below so as to enable the court and the plaintiff to deal properly with it. The failure has occasioned the loss of time and expense, incident to an appeal, reversal and another trial, all of which would have been saved by a simple indication, in the motion to exclude, of the basis thereof. That ground is so far hidden or obscured as not to have attracted the attention of the court below, and the attorneys in the case seem never to have discovered it at all, since there is no discussion of it *eo nomine* in the briefs.

Our rule on this subject is indefinite, but failure to object before verdict on the ground of a variance is a waiver. *Long* v. *Campbell,* 37 W. Va. 665; *Dresser* v. *Transportation Co.,* 8 W. Va. 553; *Harris* v. *Lewis,* 5 W. Va. 575; *Davisson* v. *Ford,* 23 W. Va. 617. A general objection to admission of the evidence or a general motion to exclude, not specifying variance as the ground, is misleading, since ordinarily it goes to questions of admissibility or sufficiency. So far I have found no case among our decisions, saying the objection or motion need not specify variance as the ground thereof, when relied upon, and by the weight of authority elsewhere it is required to do so. *Bluefield* v. *McClaugherly,* 64 W. Va. 536, enforces the principle here relied upon. It underlies the ruling in *State* v. *Hood,* 63 W. Va. 182, also.