## JOSEPH BARIL *vs.* THE NEW YORK, NEW HAVEN AND HARTFORD RAILROAD COMPANY.

Third Judicial District, Bridgeport, October Term, 1915.

PRENTICE, C. J., THAYER, RORABACK, WHEELER and BEACH, Js.

While it is true that deference will be paid by this court to the opinion of the trial judge in his refusal to set aside a verdict, yet where the preponderance of evidence is so great as to clearly warrant the conclusion that the verdict was the product of misapprehension, prejudice, or partiality, on the part of the jury—as in the present case—this court will not hesitate to interfere and order a retrial.

One becomes a passenger of a railroad carrier when, intending to take passage on its train due to depart for his proposed destination within a reasonable time, he enters a place provided by it for the reception and accommodation of persons intending to board its trains at a time when such place is open for that purpose.

The purchase of a ticket does not necessarily make the purchaser a passenger, nor, on the other hand, does the lack of a ticket necessarily preclude one from becoming a passenger; but each is a circumstance to be considered in connection with all the other facts and circumstances in the case in determining whether the relation of passenger and carrier existed.

The charge of the court in the present case reviewed and *held* not to have been sufficiently clear and adequate for the guidance of the jury respecting the relation of passenger and carrier.

Argued November 2d—decided December 17th, 1915.

ACTION to recover damages for personal injuries alleged to have been caused by the defendant's negligence in failing to properly light a subway in its station

Baril *v.* New York, N. H. & H. R. Co.

at Bridgeport, brought to the City Court of Waterbury and tried to the jury before *McMahon, J.;* verdict and judgment for the plaintiff for $150, and appeal by the defendant from the refusal of the trial court to set aside the verdict as against the evidence. *Error and new trial ordered.*

*Forrest Shepherd,* with whom was *William L. Barnett,* for the appellant (defendant).

*Joseph H. Reid,* for the appellee (plaintiff).

RORABACK, J. The plaintiff brings this action to recover damages for personal injuries alleged to have been received while upon the defendant's depot grounds at Bridgeport. The complaint alleges that plaintiff stumbled and fell upon a pair of stairs while he was passing from the ticket office of the defendant's railroad station, under its tracks, through the subway, up to the platform upon the easterly side of the depot, where he intended to take a train for Waterbury. The negligence relied upon was the failure of the defendant to provide a sufficient and proper light for passengers using the subway at this place. The plaintiff testified that the accident happened in the manner above stated. His testimony was unsupported as to the time, the place, and the manner in which he was injured.

The defendant offered evidence to show that over the steps where the plaintiff claimed he fell, there were two incandescent lights which were always lighted when the subway was dark. The defendant called six witnesses whose testimony tended to show that the plaintiff did not sustain any injuries by falling on the steps of the subway, at the time he stated. The substance of their testimony was that almost one-half hour before he claimed that he fell upon the steps, he

was lying upon the westbound platform at the westerly end of the defendant's passenger station, over two hundred feet from the subway stairs in question. Several witnesses swore that the plaintiff was intoxicated at this time. It was conceded that, about this time, the plaintiff was taken from the passenger depot to the hospital in the police station in Bridgeport, where he received surgical treatment; that he was taken from the hospital to the police station, where he was placed under arrest on the charge of intoxication. Nine witnesses testified to facts which contradicted the plaintiff in the most positive manner. There does not appear to have been any fair chance for a mistake. Either the plaintiff or these witnesses testified untruthfully. The defendant's witnesses apparently were credible, and not interested in the result of this action, and in no way responsible for the accident. The evidence which they gave was not improbable or unreasonable, indeed, their testimony seems more consistent and probable than that of the plaintiff, who was testifying under the influence of self-interest. The presiding judge correctly instructed the jury that the plaintiff must prove by a fair preponderance of the evidence that the defendant was guilty of negligence which was the proximate cause of the injuries to the plaintiff, and that he himself, by his own negligence, did not materially or essentially contribute to his injuries. A careful examination of the record discloses that the preponderance of the evidence, instead of supporting the contentions and statements of the plaintiff, was decidedly against them.

It is true that deference should be given to the opinion of the trial judge, who saw the witnesses and heard them testify, but there are cases in which the preponderance of the evidence is so great as to clearly warrant the conclusion that the verdict was the product

of misapprehension, prejudice, or partiality, on the part of the jury. Such is the present case.

The jury were instructed that "the special duty to exercise that high degree of care which is imposed by law upon a common carrier of passengers, begins only when, by coming upon its premises intending to become a passenger, in buying a ticket for transportation, or in the act of entering its vehicle, the actual relationship of carrier and passenger begins. While going from the ticket office to the car the purchaser of a railroad ticket is to be considered as a passenger, and it is the duty of the railroad company to use the utmost degree of care and diligence to provide for him a safe and convenient way and manner of access to the train in order to prevent any injury happening to him."

This portion of the charge was not sufficiently clear and adequate, and might have been misleading in some possible aspects of the case under the evidence. The purchase of a ticket does not necessarily constitute the purchaser a passenger. Neither is such purchase essential to constitute the relation of passenger and carrier. 4 Elliott on Railroads (2d Ed.) § 1579; *Warren* v. *Fitchburg R. Co.*, 90 Mass. (8 Allen) 227, 232. It is rather a circumstance which may be considered with other circumstances as evidencing the creation of the relation. *Kidwell* v. *Chesapeake & O. R. Co.* (71 W. Va. 664, 77 S. E. 285), 43 L. R. A. (N. S.) 999, and note; *Phillips* v. *Southern Railway Co.*, 124 N. Car. 123, 126, 32 S. E. 388. In *Webster* v. *Fitchburg R. Co.*, 161 Mass. 298, 299, 37 N. E. 165, it is well said: "One becomes a passenger on a railroad when he puts himself into the care of the railroad company to be transported under a contract, and is received and accepted as a passenger by the company. There is hardly ever any formal act of delivery of one's person into the care of the carrier, or of acceptance by the carrier of

Baril *v.* New York, N. H. & H. R. Co.

one who presents himself for transportation, and so the existence of the relation of passenger and carrier is commonly to be implied by circumstances. These circumstances must be such as to warrant an implication that the one has offered himself to be carried on a trip about to be made, and that the other has accepted his offer, and has received him to be properly cared for until the trip is begun, and then to be carried over the railroad. A railroad company holds itself out as ready to receive as passengers all persons who present themselves in a proper condition, and in a proper manner, at a proper place to be carried. It invites everybody to come who is willing to be governed by its rules and regulations. In a case like this, the question is whether the person has presented himself in readiness to be carried under such circumstances in reference to time, place, manner, and condition that the railroad company must be deemed to have accepted him as a passenger. Was his conduct such as to bring him within the invitation of the railroad company?"

Applying this principle to concrete situations similar to the one in this case, it may be said that a person becomes a passenger of a railroad carrier when, intending to take passage on its train due to depart for his proposed destination within a reasonable time, he enters a place provided by it for the reception and accommodation of persons intending to board its trains at a time when such place is open for such reception. 4 Elliott on Railroads (2d Ed.) § 1579; 2 Michie on Carriers, § 2128; *Merrill* v. *Michigan Central R. Co.*, 158 Ill. App. 38, 40; *Phillips* v. *Southern Railway Co.*, 124 N. Car. 123, 126, 32 S. E. 388. In *Hogner* v. *Boston Elevated Railway Co.*, 198 Mass. 260, 269, 270, 84 N. E. 464, it is held: "The relation of carrier and passenger is created by contract express or implied. In the case of a street railway company, it is rarely created

by express contract when the car is boarded by the passenger from the street. Whether the relation has begun is generally to be shown by the circumstances."

There is error and a new trial is ordered.

In this opinion the other judges concurred.