JESSIE L. CROWELL AND FRED E. E. CROWELL, HER
    HUSBAND, RESPONDENTS, v. HYMAN PADOLSKY, AP-
    PELLANT.

Submitted December 11, 1922—Decided March 5, 1923.

Proof of ownership of a taxi-automobile driven upon a public high-
    way raises a presumption of fact that it was in the possession of
    the owner or of his servant acting within the scope of the em-
    ployment. If proof is offered to rebut this presumption, but this
    proof is met by other proof contradicting it, the whole question
    becomes one for the jury.

On appeal from the Supreme Court.

For the appellant, *John W. McGeehan, Jr.*

For the respondents, *John W. Palmer.*

The opinion of the court was delivered by

WHITE, J.    The plaintiff Mrs. Crowell was injured on
Avon avenue, Newark, by being backed into by a jitney au-
tomobile behind which she was passing while it was standing
still at the curb.  She and another witness took notice of, and
testified to, its New Jersey license number and also to its
municipal license number, which were the numbers of defend-
ant's auto-bus, thus justifying a finding of ownership in the
defendant and thereby establishing a presumption of fact
that at the time of the accident the bus was being operated
on the public street by the defendant, its owner, or by his
servant acting with the scope of the employment.  *Edge-
worth* v. *Wood,* 58 *N. J. L.* 463; *Mehan* v. *Walker,* 97 *N. J.
L.* 304, citing *Dennery* v. *Great Atlantic and Pacific Tea
Co.,* 82 *N. J. L.* 517; *Missell* v. *Hayes,* 86 *Id.* 348.

For the purpose of overcoming this presumption the de-
fendant undertook to show by the testimony of himself and
his chauffeur, first, that neither he nor his chauffeur was in

fact driving the bus on the public streets at any time during the afternoon when the accident happened, and second, that he had not authorized anyone else to take the bus out that afternoon. It is now contended that this proof brought the case within the principle of *Doran* v. *Thompsen,* *76 N. J. L.* 754, and that the court should have directed a verdict for the defendant on the theory, established by that case, that where the proof overcoming the presumption is uncontradicted the question becomes one for the court and not for the jury.

The difficulty with this contention is that the defendant's proof went too far, for not only did he and his chauffeur and one or two other witness in his behalf testify that the bus was not being driven on the afternoon in question by the defendant nor by any servant of his acting within the scope of his employment, but all of them also testified that the bus was not out of defendant's private yard during the entire afternoon. This testimony was clearly in contradiction of the testimony of the plaintiff and of a disinterested witness who testified in her behalf that the bus was in fact on the street at the place of the accident when the accident occurred, and it was also contradicted to some extent by the records of the city, which showed that the defendant had made a return to the city as required by the licensing ordinance for taxation purposes that this particular bus had carried one hundred and sixty-four passengers on the day in question. The credibility of defendant and his witnesses was also weakened by their testimony that this particular bus was also in defendant's yard all of the day following the accident, which was Sunday, and carried no passengers on that day, whereas the record turned in by defendant showed that the bus had in fact carried two hundred and eighty-eight passengers on that Sunday. Clearly, under these circumstances, the truth of the testimony offered to rebut the presumption was for the jury, and, consequently, the entire question became one for the jury to solve, and the learned trial judge was right in refusing to direct a verdict for the defendant.

The judgment is affirmed.

*For affirmance* — THE CHANCELLOR, CHIEF JUSTICE, SWAYZE, TRENCHARD, PARKER, BERGEN, KALISCH, BLACK, KATZENBACH, WHITE, GARDNER, ACKERSON, VAN BUSKIRK, JJ. 13.

*For reversal*—None.