DANIEL McIVER *vs.* SAM SCHWARTZ.

MARCH 6, 1929.

PRESENT: Sweetland, C. J., Rathbun, Sweeney, and Barrows, JJ.

RATHBUN, J. This is an action of trespass on the case for negligence to recover for damage caused to plaintiff's automobile by a collision between the same and the defendant's automobile. The trial in the Superior Court resulted in a verdict for the plaintiff for $297.80 and the case is before us on the defendant's exceptions to the refusal of the trial justice to direct a verdict for the defendant and to the refusal of said justice to grant the defendant a new trial.

The collision occurred July 10, 1926 in the city of Providence at the intersection of Glenham and Taylor streets. The plaintiff's automobile which was operated by his son was proceeding west on Glenham street and defendant's car which was operated by William Riley was proceeding north on Taylor street. The jury were fully justified in finding that the driver of the defendant's automobile was negligent and that the driver of the plaintiff's automobile was free from negligence.

The defendant's main contention appears to be that Riley, the driver of his automobile, was not, at the time of the accident, acting within the scope of his employment.

The defendant conducts a grocery store and had at different times employed Riley to deliver groceries with defendant's automobile. The defendant, when called as a witness by the plaintiff, admitted that he had, on the morning of the accident, sent Riley to deliver groceries with said automobile, but, on cross-examination by his attorney, insisted that Riley had completed his work and returned the automobile before the accident occurred and that defendant did not know until after the accident that Riley had again taken the automobile. Defendant admitted that at the time of the accident the automobile contained milk bottles and market baskets which had not been returned to the store. He also admitted that at the time of the accident he had not paid Riley for making deliveries that morning. Defendant testified that Riley had taken the automobile without permission to go to his home for lunch but no explanation was made why Riley was in possession of the key to the automobile. Although Riley, the driver of defendant's automobile, was in the court room during a part of the time occupied by the trial the defendant failed to call him to testify. A jury might naturally and properly have inferred that Riley would give no testimony beneficial to the defendant.

The trial justice as well as the jury believed the defendant was not telling the truth when he testified that Riley, at

the time of the accident, was not acting within the scope of his employment. However, the defendant did so testify, and the plaintiff produced no evidence to the contrary. The burden was upon the plaintiff to establish agency. He proved that the automobile was being driven by defendant's employee. This raised a *prima facie* presumption that the driver was engaged upon the defendant's business. *Colangelo* v. *Colangelo*, 46 R. I. 138; *Callahan* v. *Weybosset Market*, 47 R. I. 361. This presumption, however, is operative only in the absence of any credible evidence to the contrary for the defendant. See *Savage* v. *R. I. Company*, 28 R. I. 391. In such a case a presumption is not evidence. It is entitled to no weight as evidence. The presumption excuses the plaintiff from offering evidence on the question until defendant produces evidence of the nonexistence of the facts which, until evidence to the contrary is produced, are presumed to exist. *Colangelo* v. *Colangelo*, *supra*. The plaintiff offered nothing to prove agency. The defendant's failure to produce the driver of his automobile can not be treated as direct evidence tending to prove agency. *Kimball* v. *O'Dell & Eddy Co.*, 138 App. Div. 409. Plaintiff merely relies upon a presumption. Had the defendant's testimony been entirely reasonable and consistent he would have been entitled to a direction of a verdict in his favor. We think, however, that the trial justice was entirely justified in disbelieving the defendant's testimony. A trial justice should not direct a verdict on testimony which he does not believe. After reviewing that testimony we can not say it was the duty of the trial justice to direct a verdict in favor of the defendant. However, as the plaintiff had nothing but a presumption to rely upon to establish agency and as agency was denied we think it was error to deny the defendant's motion for a new trial. The exception to such denial is sustained.

The case is remitted to the Superior Court for a new trial.

*Curran & Hirshfield, John L. Curran*, for plaintiff.

*Sol S. Bromson*, for defendant.