CARL KOOPS *v.* ALICE GREGG ET AL.

MALTBIE, C. J., BROWN, JENNINGS, ELLS and DICKENSON, Js.

Argued March 4—decided April 20—reargued June 23—Per Curiam
filed June 29, 1943.

*Harrison D. Schofield,* with whom was *John W. Joy,*
for the appellant (named defendant).

*Ellsworth B. Foote,* with whom was *David E. Fitz-*
*Gerald, Jr.,* for the appellee (plaintiff).

MALTBIE, C. J.   The plaintiff was injured by the negligence of the defendant Tweedy in the operation of an automobile which was owned by the named defendant, and from the refusal of the trial court to set aside a verdict in his favor and from the judgment on that verdict she has appealed, claiming in the latter appeal errors in the charge.   The complaint alleged that she was liable upon the basis of the family car doctrine; but the case was tried and has been presented to us on the broader ground of a presumption of agency growing out of the fact that she was the owner of the car.   We shall follow the theory adopted by the parties and determine the issues on the latter ground.   Conn. App. Proc., § 22.   The basic question involved is the effect of the presumption created by § 1661c of the Cumulative Supplement of 1935, which is printed in the footnote.[1]   The language of this statute is quite similar to that of § 1658c of the Cumulative Supplement of 1935, which provides that proof that the operator of a motor vehicle is related to the owner in certain specified degrees shall raise a presumption that the car is being operated as a family car and shall impose upon the defendant the burden of rebutting the presumption; and we have treated the two as having like effect.   Both go further than merely establishing a presumption in that they definitely place the burden of rebutting it upon the defendant.   But that burden is restricted to rebutting the presumption; it does not shift to the defendant the burden of prov-

---

[1] Sec. 1661c.   PRESUMPTION OF AGENCY IN MOTOR VEHICLE OPERATION. In any civil action brought against the owner of a motor vehicle to recover damages for the negligent or reckless operation of such motor vehicle, the operator, if he be other than the owner of such motor vehicle, shall be presumed to be the agent and servant of the owner of such motor vehicle and operating the same in the course of his employment, and the defendant shall have the burden of rebutting such presumption.

ing that the car was not a family car or that the operator was not the agent of the owner, as the case may be. The presumption ceases to be operative when the trier finds proven facts which fairly put in issue the question, and the burden of proving that the car was a family car or was operated by an agent of the owner, as the case may be, then rests upon the plaintiff; if no evidence relevant to the issue is produced, or, if countervailing evidence is produced but the trier does not believe it, the presumption applies, and the plaintiff is entitled to have the issue found in his favor. *O'Dea* v. *Amodeo,* 118 Conn. 58, 64, 170 Atl. 486; *Leitzes* v. *F. L. Caulkins Auto Co.,* 123 Conn. 459, 462, 196 Atl. 145; *Lockwood* v. *Helfant,* 126 Conn. 584, 587, 13 Atl. (2d) 136. These statutes do not go so far as does § 1399e of the Supplement of 1939, which places upon the defendant the burden of pleading and proving contributory negligence, for, under the former, the burden is merely to rebut the presumption. On the other hand, because they do place that burden upon the defendant, they go further than the common-law presumption adopted in many states that one operating a car owned by another is presumed to be his agent acting within the scope of his employment, which has been held to be overcome when substantial countervailing evidence is produced. *Potts* v. *Pardee,* 220 N. Y. 431, 433, 116 N. E. 78; *McIver* v. *Schwartz,* 50 R. I. 68, 70, 145 Atl. 101; *Echols* v. *Hurt,* 116 Okla. 43, 45, 243 Pac. 493; and see *O'Dea* v. *Amodeo,* supra, 63.

The statute before us does not establish that the operator of the car is an agent of the owner, acting within the scope of his employment, but only creates a presumption capable of rebuttal. We cannot hold that there is such a lack of rational connection between the fact of operation by a person to whom the

statute applies and the facts to be presumed as to make it arbitrary or unreasonable. The legislature might reasonably have considered that in the great majority of cases the operator of a car owned by another is his agent acting within the scope of his employment, that the facts are usually peculiarly within the knowledge of the defendant and that it is peculiarly within his power to produce evidence as to them. *Kolensky* v. *DeFrancesco,* 102 Conn. 660, 662, 129 Atl. 777. It is a commentary upon the reasonableness of the statute that, as we have noted already, many courts, without the benefit of any statute, have applied a similar presumption; see, in addition to the cases previously cited, *Gehloff* v. *Kandler,* 204 Wis. 464, 466, 234 N. W. 717; *Ferris* v. *Sterling,* 214 N. Y. 249, 253, 108 N. E. 406; *Crowell* v. *Padolsky,* 98 N. J. L. 552, 120 Atl. 23; *Birch* v. *Abercrombie,* 74 Wash. 486, 489, 133 Pac. 1020; 9 Blashfield, Cyclopedia of Automobile Law, § 6065. The statute falls within the decisions of *Mobile, J. & K. C. R. R.* v. *Turnipseed,* 219 U. S. 35, 43, 31 Sup. Ct. 136, and *Atlantic Coast Line* v. *Ford,* 287 U. S. 502, 53 Sup. Ct. 249, rather than, as claimed by the defendant, within that of *Western & Atlantic R. Co.* v. *Henderson,* 279 U. S. 639, 49 Sup. Ct. 445. The statute is not invalid on constitutional grounds.

The defendant does not, in her brief, urge any specific objections to the charge, which followed the decisions of this court to which we have referred, and there is no occasion to consider further the appeal from the judgment. We are handicapped in our consideration of the ruling refusing to set the verdict aside because, by agreement of counsel, all testimony offered by the plaintiff was deleted from the transcript before it was printed for the record except a statement made out of court by the defendant's son, offered to contradict certain testimony given in court. There seems to be no

dispute as to the following facts: The plaintiff, a pedestrian, at about 1 o'clock on a Sunday morning was injured because of the negligent operation of the car in question by the defendant Tweedy. The car was owned by the named defendant, whose home is in New Jersey, where it was registered in her name. Her son Donald was a student at Yale, and the car was kept by him at the university. Tweedy lived in the same dormitory as Donald Gregg. Another young man who lived in the same dormitory was a passenger in the car.

The only evidence as to the circumstances under which Tweedy came to be in possession of the car was apparently offered by the defendants. Tweedy and Gregg testified that on the night of the accident the former borrowed the car, paying $1 for its use in accordance with a custom among the students. Tweedy testified that his purpose was to go on a party to which he had been invited and Gregg testified that Tweedy made the situation seem urgent enough so he loaned the car. Both testified that Tweedy had never before borrowed it. Gregg testified that he had to some extent loaned the car at other times. Both he and his mother were questioned as to the purposes for which he was keeping the car in New Haven, as to any instructions she had given him in regard to loaning it and as to her knowledge of his loaning it to others, and in the testimony of these witnesses in regard to these matters there are certain inconsistencies and contradictions; but both agreed that in general the use of the car was left to Gregg's judgment and discretion. Mrs. Gregg testified that she had no knowledge that the car was loaned to Tweedy until informed later of the accident, that she could not recall whether her son telephoned her about the accident on the Sunday on which it occurred and that in using it Tweedy was not

on any errand for her or doing anything for her benefit; and it is implicit in her testimony that she was not in New Haven on the night when the car was borrowed.

Ordinarily it is the exclusive function of a jury to determine whether they will believe or disbelieve the testimony of witnesses, and, however mistaken a court may think they are, it cannot override their conclusion; Conn. App. Proc., §§ 113, 114; and this rule applies under statutes like the one before us, as regards a conclusion by a jury that facts sufficient to rebut the presumption have been proved. *O'Dea* v. *Amodeo,* supra, 67; *Lockwood* v. *Helfant,* supra, 587. But that conclusion may be so unreasonable that it will constitute an error in law, and where such a situation exists it is the duty of the court to interfere. *Roma* v. *Thames River Specialties Co.,* 90 Conn. 18, 20, 96 Atl. 169; *Baril* v. *New York, N. H. & H. R. Co.,* 90 Conn. 74, 76, 96 Atl. 164; *Dudas* v. *Ward Baking Co.,* 104 Conn. 516, 518, 133 Atl. 591; *Levy* v. *Bromberg,* 108 Conn. 202, 204, 142 Atl. 836. It may be that in this case the jury could properly have disregarded all the testimony which tended to limit Gregg in the use or loaning of the car, leaving the situation as one where the borrowing of it could not be found to be without the implied consent of Mrs. Gregg. But consent on her part to its use by Tweedy would not in itself determine the question of her liability for his negligence, for that would depend upon the fact that in using it he was doing something in the execution of her business. *Adomaitis* v. *Hopkins,* 95 Conn. 239, 241, 111 Atl. 178; *Mastrilli* v. *Herz,* 100 Conn. 702, 704, 124 Atl. 835; *Turoff* v. *Burch,* 60 App. D. C. 221, 50 Fed. (2d) 986; 5 Blashfield, op. cit., §§ 3005, 3023. It would not be enough to establish Mrs. Gregg's liability that she left the use of the car while it was in New Haven to

the discretion of her son and knew that he at times loaned it to others; or even that she might be pleased to have him do so because it might give him a better standing among his fellow students; the law does not, in determining agency, take account of indefinite considerations and possible motives of such a nature. *Whiteman* v. *Al's Tire & Service Garage, Inc.,* 115 Conn. 379, 382, 161 Atl. 519. In this case the jury could not reasonably reach any other conclusion than that Mrs. Gregg was not in New Haven on the night the car was borrowed, that, with that as a basis, she did not know that Tweedy had borrowed it, and that, in using it, he was not doing anything in her behalf. With these facts in the case, the presumption would be rebutted; and, as the record discloses no evidence sufficient affirmatively to prove that Tweedy, in using her car, was her agent acting within the scope of his authority, a verdict could not properly be rendered against her. The trial court should have set the verdict aside.

There is error, the judgment is set aside and a new trial is ordered.

In this opinion Jennings, Ells and Dickenson, Js., concurred.

Brown, J. (dissenting). The majority's decision that the jury could not have found that the use of the car by Tweedy was "in the execution of her [the named defendant's] business," or that it constituted "doing anything in her behalf," is determinative of its conclusion that she is not liable upon this record. It is my opinion that the jury were warranted in finding to the contrary, thus rendering the defendant liable, and that there is no error.

As appears from the *Adomaitis* and *Whiteman* cases,

which the majority opinion relies upon in support of its conclusion, "business" as used in this connection may well mean no more than an act "to promote legitimate and important interests" of the defendant owner. Nor can it be said that one engaged in such an act was "not doing anything in her behalf." It is true, as is pointed out in those decisions, that in the ordinary case of an owner permitting another to use his car to carry out some purpose solely of such other, the latter's feeling of appreciation which may result is insufficient to render his use of the car one for the benefit of the owner in the sense under consideration. The situation presented by this record, however, is not the ordinary case, and something more than any possible feeling of appreciation on Tweedy's part was involved.

The jury could properly have found these facts: Mrs. Gregg was a fond mother, determined to see to it that Donald, her youngest son, during his four years at Yale had and used to the full all of the accouterments enjoyed by his fraternity brothers and other associates. These included an automobile to drive back and forth from New Haven to his home in Montclair, New Jersey, to use for week-end excursions to New York and for transportation for other purposes of student activity or pleasure, and, when he deemed it compatible with his social standing among his fellows, to loan to them, as they might apparently loan theirs to him, upon payment of the "customary" $1 fee for gasoline and oil. In short, she provided the car for him to use carte blanche.

The case of *Ackerson* v. *Jennings Co., Inc.*, 107 Conn. 393, 140 Atl. 760, on its facts affording the basis of liability, is more nearly analogous to the one before us than any other decided by this court. There, the general manager of the defendant's automobile busi-

ness invited its employees to attend a dinner given at his expense, as a token of his appreciation of their services. At the dinner he urged the desirability of closer relations between them and himself. On the way home, the plaintiff's intestate was killed as a result of the negligent operation of the defendant's car, which was being used to transport them, by one of the guests. We held that the jury might reasonably have concluded that the dinner was intended principally, if not wholly, to promote the defendant's interests by fostering harmony, cooperation and good will; that in arranging it the manager was acting within the implied, or at least the apparent, scope of his authority; and that therefore it was immaterial whether it was given with the actual authority or consent of the defendant or would have been approved or ratified by it but for the unfortunate termination. In the instant case the jury reasonably could have found that the son, Donald, in loaning the car to Tweedy was doing something to increase his popularity and social standing among his fellow students, and by this means contributing to the success of his activities as an undergraduate; that the defendant intended and was anxious that he enjoy whatever advantage might accrue to him by such conduct and the use of the car which it involved; that to her mind this would be of benefit to him and so to her; that it afforded gratification of her desire, pride and ambition; and that therefore it was doing something "to promote [her] interests" within the ratio decidendi of the *Ackerson* case. As stated in the *Whiteman* case, the jury could have found it was "to promote legitimate and [to her at least] important interests of the defendant." To paraphrase, "The authority for Donald to act in this matter may have been express, or it may have arisen by implication from all the attendant circumstances. The act must have been

performed by the son in pursuance of the undertaking authorized by the defendant before the latter could have been held liable." *Carrier* v. *Donovan,* 88 Conn. 37, 40, 89 Atl. 894.

It is my conclusion that the jury, without taking "account of indefinite considerations" or giving undue weight to "motives" which were not only "possible" but probable, could have found that under the second ground just quoted the use of the car by Tweedy was "in the execution of [the defendant's] business" and was something done "in her behalf"; in short, that it was a carrying out of the very purpose for which she maintained the car. Under the circumstances, applying the principles of law recited in the opinion, it is my judgment that this court should not hold as a matter of law that Tweedy was not Mrs. Gregg's agent. Furthermore, in my judgment the court's charge to the jury was correct. I therefore conclude that there is no error.

Per Curiam. The plaintiff filed a motion to reargue this case, restricted to a claim that the rescript, instead of directing unqualifiedly a new trial, should limit the retrial solely to the issue whether the defendant Tweedy in operating the car at the time of the accident was acting as the agent of Mrs. Gregg. This was the only issue as to which, upon the appeal to us, any error was claimed. The motion was granted and on the reargument Mrs. Gregg's counsel agreed that this might well be done, unless this court would direct that judgment in the trial court be rendered in her favor. As this case was tried to the jury, we could in no event do that. *Fay* v. *Hartford & Springfield Street Ry. Co.,* 81 Conn. 578, 71 Atl. 734. We can, however, in remanding a jury case, restrict the issues to be retried. *Smith* v. *Whittlesey,* 79 Conn. 189, 193,

63 Atl. 1085; *Murray* v. *Krenz,* 94 Conn. 503, 507, 109 Atl. 859; *Porter* v. *Taylor,* 107 Conn. 68, 72, 139 Atl. 649; Conn. App. Proc., § 179.   The situation before us seems peculiarly to call upon us to exercise that power.   Accordingly, the rescript is amended to read:

There is error, the judgment is set aside and a new trial is ordered solely upon the issue whether the defendant Mrs. Gregg is liable for the negligence of the defendant Tweedy in operating the car at the time of the accident; if, upon this issue, a verdict is returned finding her liable, judgment is to be rendered that the plaintiff recover of both of the defendants the amount of damages found due him in the judgment appealed from; but if, upon this issue, a verdict is rendered that she is not so liable, then judgment is to be rendered finding the issues for her.