GUSTAF E. LUNDELL *vs.* JOSEPH S. LAMORIELLO.

JULY 8, 1949.

PRESENT: Flynn, C. J., Capotosto, Baker, Condon and O'Connell, JJ.

O'CONNELL, J. This action of trespass on the case for negligence was heard in the superior court before a justice thereof sitting without a jury, and at the conclusion of the

evidence a decision was rendered for the plaintiff in the sum of $265. The case is before us on defendant's exception to that decision.

The evidence discloses that at about ten o'clock in the morning of August 19, 1947, the plaintiff was operating a 1938 Buick sedan on United States route No. 1 in the town of Branford, Connecticut. He was returning from New York to his home in Portland, Maine, and was accompanied by his wife, his son and two other passengers. Shortly before reaching a point on route No. 1 where it intersects route No. 142, the plaintiff, driving in the second lane of the highway, passed a trailer truck, hereinafter referred to as the truck, on its left. At the point of passing, route No. 1 was straight.

When he had gone a few hundred feet beyond the truck, he noticed a passenger vehicle preparing to enter route No. 1 from route No. 142. The highway on which plaintiff was traveling made a curve to the left beyond the intersection and went down hill. He continued in the second lane and, while rounding the curve and about midway down the hill, the truck, which he had passed shortly before, passed him on his right between his car and the outside of the highway. No warning was given by the driver of the truck that he was about to pass plaintiff's car, and as he did so the truck struck and scraped against the right side thereof, damaging the rear fender, the two doors, the running board, the front fender, the front panel, and the band and cover of the spare tire on the right front side. The truck then traveled about 300 to 400 feet before it came to a stop.

At the hearing before the trial justice defendant admitted that the driver of a vehicle which passes another vehicle on the right in the circumstances appearing in the instant case was guilty of negligence under the law of Connecticut. Defendant, a resident of Johnston, Rhode Island, who admitted ownership of the truck, contends that the plaintiff has failed to sustain by a fair preponderance of the evi-

dence the burden imposed upon him by law to show that the operator of his truck was acting as his agent at the time of the collision, and that therefore he was not responsible for the negligence of such operator. Since the negligence of the driver of the truck or the lack of contributory negligence of the plaintiff are not in dispute, the sole issue presented in the instant case is whether the plaintiff has established by a fair preponderance of the evidence an agency of the operator of the truck, either in fact or in law, so as to impose upon defendant liability for the acts and conduct of such operator.

Without objection by defendant, plaintiff introduced the statute of Connecticut with reference to the liability of the owner of an automobile involved in an accident on a public highway, which statute, cited as chap. 293, sec. 1661c, Cum. Supp. 1935, we will have occasion to consider later in this opinion.

The defendant testified that he was the owner of the truck involved in the accident; that there were three truck drivers employed by him during the week of August 19, 1947, but that the driver Stanley Hislop was not one of them and that he had never heard of him; that he operated a fish business at Point Judith, Rhode Island; and that the truck involved goes to New York to the Fulton Fish Market, but he could not remember where it was on the day of the accident.

He further testified that he did not know the name of the driver assigned to this truck; that it could be any one of three drivers named by him; that this truck was not rented and he had no record of its having been stolen; that he had no record of this accident at all, only some letters from the plaintiff that he had given to his attorneys; that he had received such letters from the plaintiff over a period of six or seven months; that he had ignored such letters because he did not have a man named Hislop working for him; that he could have brought the three drivers who were employed by him into court; that he was not aware

that any damage had been done to any of his vehicles on the day of the accident; that he made no investigation to find out whether one of his trucks was involved; and that he did not even look over his trucks to find evidence of any damage.

He testified further that he did not have any receipt slips for the month of August 1947, although "they are around somewhere"; that his records would not show who was the driver of the truck on the day of the accident; that although some of his trucks go to Boston, some to New York, and some to New Bedford, his records would not show who was driving a particular truck on a certain day or where such truck was on that day.

As bearing upon the question of agency, the evidence showed that the driver Hislop was actually operating defendant's truck, and that he filed an accident report with the department of motor vehicles of Connecticut on the day of the accident, in which he listed the details thereof giving the description and registration number of the truck and the name and address of the owner. He described himself as a truck driver and although in answer to the question "Where are you employed?" he answered "Self" in answer to the question "Did you operate car as: (employee of owner;) (friend of owner;) (relative of owner;) * * * (or what other capacity)" he checked the clause "(employee of owner;)." The defendant did not present as witnesses any of his recognized drivers or Hislop, the actual driver when the accident occurred.

In his review of the evidence the trial justice used the following pertinent language in commenting upon the defendant's testimony: "The Court is not at all satisfied that this defendant is as free from knowledge as he would intimate by his testimony." In the circumstances he found that, since the accident happened in Connecticut, the defendant had failed to rebut the presumption of agency as required by the statute of that state and that in such a situation, Hislop, the driver of the truck, whose negligence

474

is practically undisputed, was, in contemplation of law by force of the statute, the agent and servant of the defendant, who therefore was liable for his negligent conduct.

Defendant contends that the decision of the trial justice constitutes reversible error, in that said justice confused the provisions of the statute of Rhode Island with those of Connecticut relating to agency in the operation of a motor vehicle in the circumstances appearing in the instant case, and that he erroneously applied the provisions of the Rhode Island statute instead of those of Connecticut in determining that the driver Hislop was operating the truck as agent of the defendant and in the course of his employment.

Our statute, general laws 1938, chapter 98, §10, provides that if a motor vehicle involved in an accident on a public highway is registered in the name of a defendant as owner, such registration "shall be *prima facie* evidence that it was then being operated by and under the control of a person for whose conduct the defendant was wholly responsible, and absence of such responsibility shall be an *affirmative defense* to be set up in the answer and *proved by the defendant* * * *." (italics ours)

The Connecticut statute, hereinbefore cited, provides that if the operator of a motor vehicle involved in an accident be a person other than the owner of such motor vehicle, such operator shall be presumed to be the agent and servant of such owner and operating the same in the course of his employment, and the defendant shall have the burden of rebutting such presumption.

We need not discuss the differences between the two statutes, as the Connecticut statute was construed by the supreme court of that state in *Koops* v. *Gregg,* 130 Conn. 185, upon which the defendant relies. In that case the court held that the burden imposed upon the defendant by the statute of that state was restricted to rebutting the presumption and does not shift to the defendant the burden of proving that the operator of the motor vehicle was not

the agent of the owner. It further held that the presumption ceases to be operative "when the trier finds proven facts which fairly put in issue the question," and the burden of proving that the car was operated by an agent of the owner then rests upon the plaintiff. But "if no evidence relevant to the issue is produced, or, if countervailing evidence is produced but the trier does not believe it, the presumption applies, and the plaintiff is entitled to have the issue found in his favor."

We find no merit in defendant's contention. A careful examination of the transcript and the decision of the trial justice as reported therein discloses no evidence or indication that he misconceived or misconstrued the applicable law. Nowhere does he refer to the fact that the defendant did not set up *absence of responsibility* as an *affirmative defense* in his answer, nor did he refer to the existence of *prima facie evidence* as these terms appear in the Rhode Island statute, *supra*. On the contrary, he expressly referred to the Connecticut statute in his decision and to the burden therein placed upon the defendant to rebut the presumption created thereby, and found that defendant had not satisfactorily rebutted such presumption.

Not only did the plaintiff in the instant case have the benefit of the presumption of agency under the Connecticut statute, but he supplemented such presumption by the written report of the operator Hislop to the department of motor vehicles of Connecticut in which he described himself as the employee of the defendant. The countervailing evidence presented by the defendant, and hereinbefore set forth, showed such lack of effort to ascertain the true facts relating to the accident or such attempt to conceal them that the trial justice was not satisfied as to its credibility and concluded that the presumption of agency had not been rebutted. That he was not impressed by the defendant's testimony and did not find it convincing is evidenced by his comment with reference thereto, as quoted above. His decision is not in conflict with the rule of law

laid down in *Koops* v. *Gregg, supra,* but is fully in harmony therewith.

Where the parties to an action at law waive the right of trial by jury and submit the case both as to law and facts to a decision of the trial justice, the findings of fact made by such trial justice will not be disturbed by this court unless they are clearly wrong. *Bridges* v. *Kerr,* 73 R. I. 487; *Berger* v. *Furtado,* 75 R. I. 113. We cannot say that the trial justice either overlooked or misconceived any material evidence or that he misconceived, misconstrued or misapplied the provisions of the applicable Connecticut statute. Therefore under our well-settled rule we cannot disturb his decision.

The defendant's exception is overruled, and the case is remitted to the superior court for entry of judgment on the decision.

*Greenough, Lyman & Cross, Alfred B. Stapleton,* for plaintiff.

*Herman D. Ferrara,* for defendant.