[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION CT Page 10980
I.
Plaintiff Veronica Doneski sues for property damages done to her 1983 Chrysler New Yorker motor vehicle as a result of a collision with a 1988 Mitsubishi motor vehicle, owned by defendant Dale R. Miller, being driven at the time of the accident by defendant Guy P. Messina.
The accident happened in Derby, Connecticut, on January 25, 1988.
Plaintiff has sued both Dale R. Miller (hereinafter Miller) and Guy P. Messina (hereinafter known as Messina).
On August 8, 1991, after a hearing in damages, a judgment was entered against Messina in favor of plaintiff Doneski for the sum of $3,830.87 and costs of $213.26.
Presently, plaintiff seeks judgment against Miller.
Plaintiff alleges in paragraph 4 of the complaint that at the time of the accident in Derby, Messina was operating the 1988 Mitsubishi of Miller as the "agent, servant and employee of defendant Dale R. Miller within the scope of his general authority and with the permission and consent of defendant Dale R. Miller." Miller leaves the plaintiff to her proof upon this allegation.
In the present action against Miller before the undersigned, the parties stipulated by counsel on record that if the finding of the undersigned referee is in favor of the defendant Miller, judgment may enter dismissing the action against Miller; but if the finding on these issues is in favor of the plaintiff, judgment would enter in favor of the plaintiff for the sum of $3,830.87 against Miller.
 II.
Plaintiff claims that on January 25, 1988, the date of the accident in Derby, Messina was acting as the agent, servant and employee of Miller within the scope of his employment, and relies upon the statutory presumption of agency (C.G.S. 1991 — 52-83) which provides as follows: CT Page 10981
 "Presumption of agency and motor vehicle operation: In any civil action brought against the owner of a motor vehicle to recover damages for the negligent or reckless operation of the motor vehicle, the operator if he is other than the owner of the automobile, shall be presumed to be the agent and servant of the owner of the automobile and operating it in the course of his employment. The defendant shall have the burden of rebutting the presumption."
The function of the presumption is restricted however, and once that the presumption is rebutted, the burden of proof returns to the plaintiff, Doneski. Koops v. Gregg, 130 Conn. 185.
In the instant action, the defendant Miller appeared at the hearing and testified.
 III.
The undersigned State Trial Referee finds as follows:
In the early morning of January 25, 1988, Miller entrusted his personally owned 1988 Mitsubishi truck to Messina to perform some construction work located in the Town of East Haven.
Messina was an employee of a corporation known as Coral Reef Construction, Inc., through which Miller engaged in construction work, and was doing the construction work for which Messina had been entrusted with the 1988 Mitsubishi truck by Miller.
The truck was at Miller's home in East Haven and Miller was present when Messina took the truck the early morning of January 25, 1988 to go to the job site which was also located in East Haven.
Miller visited the job site about 10:00 A.M. on January 25, 1988 and saw the damage to the truck of Miller which had been sustained in the collision in the Town of Derby with the motor vehicle of the plaintiff.
On the occasion in East Haven when Miller entrusted the 1988 Mitsubishi truck to Messina there was no mention of any trip to Derby and no request was made by Messina to go there. Also no CT Page 10982 permission was granted by Miller for Messina to go to Derby other than the job site in East Haven where Miller had some construction work to be done.
Miller had no work to be done in Derby, Connecticut, on the day of the accident, January 25, 1988, nor was there any need to go to Derby on behalf of Miller nor was there any benefit to Miller or to his work that was to be done in East Haven on January 25, 1988, from the trip to Derby.
The accident of January 25, 1988 occurred in Derby, Connecticut. There is no credible evidence that Messina was on his way back to East Haven at that time.
The undersigned referee concludes as follows: That Miller has rebutted the statutory presumption of agency and operation, that the burden of proving that Messina was the agent, servant and employee of Miller on the occasion in question has returned to the plaintiff; that on the occasion of the accident in Derby on January 25, 1988 Messina was not acting as the agent, servant or employee of Miller.
The legal action of the plaintiff against Miller is dismissed and judgment also rendered in favor of Miller.
Philip R. Pastore State Trial Referee