[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: DEFENDANT KELTOS' MOTION FOR SUMMARY JUDGMENT
The plaintiff, Andrew Wasil, has commenced this action against the defendants, Mark Borgman, Peter Borgman, James L. Keltos, Jr., Steven Evans, and LMV Leasing, Inc., for injuries sustained in a motor vehicle accident allegedly caused by the negligence of the CT Page 5697 defendant, Mark Borgman. The plaintiff's seventh amended complaint is in eleven counts. The eighth and ninth counts, sounding in negligence and recklessness respectively, relate to the defendant, James L. Keltos, as owner of the 1979 Firebird Esprit that was involved in the accident on May 17, 1993.
Before the court is defendant Keltos' motion for summary judgment claiming that there is no genuine issue of material fact regarding ownership of the Firebird Esprit and that he was not the owner of the said vehicle on the day of the accident. In support thereof, the defendant has presented, along with the requisite memorandum of law, his own affidavit, affidavit of Mark Borgman, affidavit of Peter Borgman, affidavit of William Biedermann, and Department of Motor Vehicles certificate of search on the subject vehicle.
The plaintiff has filed an objection to the defendant's motion for summary judgment. In support of his objection the plaintiff has filed the requisite memorandum of law, bill of sale for the vehicle in question, and the Department of Motor Vehicles' certificate of search.
Practice Book § 384, provides that "summary judgment shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." (Internal quotation marks omitted.) Water Way Propertiesv. Colt's Mfg. Co., 230 Conn. 660, 664, ___ A.2d ___ (1994).
"A material fact has been defined adequately and simply as a fact which will make a difference in the result of the case." (Internal quotation marks omitted.) Hammer v. Lumberman's MutualCasualty Co., 214 Conn. 573, 578, 573 A.2d 699 (1990).
"[A] party opposing summary judgment must substantiate its adverse claim by showing that there is a genuine issue of material fact together with evidence disclosing the existence of such an issue." Scinto v. Stamm, 224 Conn. 524, 530, 620 A.2d 99 (1993).
"It is not enough, however, for the opposing party merely to assert the existence of such a disputed issue. Mere assertions of fact . . . are insufficient to establish the existence of a material fact and, therefore, cannot refute evidence properly presented to the court [in support of a motion for summary judgment]." (Internal quotation marks omitted.) Water Way Properties v. Colt's Mfg.CT Page 5698Co., 230 Conn. 660, 665, ___ A.2d ___ (1994).
When a motion for summary judgment is supported by affidavits and other documents, an adverse party, by affidavit or as otherwise provided by [Practice Book] § 380, must set forth specific facts showing that there is a genuine issue for trial. Absent such showing, the court is entitled to rely upon the facts stated in the affidavit of the movant. Bartha v. Waterbury HouseWrecking Co., 190 Conn. 8, 12, 459 A.2d 115 (1983).
"[S]upporting and opposing affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein." (Internal quotations omitted.) Brookfield v. Candlewood ShoresEstates, Inc. 201 Conn. 1, 9, 513 A.2d 1218 (1986).
In the present case the defendant, Keltos, has moved for summary judgment. He contends that on May 17, 1993, he was not the owner of the 1979 Firebird Esprit involved in the accident, having transferred title of said vehicle to Peter Borgman some seven months prior to the accident.
The Certificate of Search provided by the Department of Motor Vehicles reveals that James L. Keltos remained the owner of the 1979 Pontiac Firebird Esprit as late as December 7, 1993, the date of the certificate. The plaintiff maintains that the defendant may be held liable as owner of the motor vehicle because he failed to comply with proper procedures when he transferred title to Peter Borgman; therefore, the plaintiff argues, such transfer was ineffective and Keltos remained legal owner of the motor vehicle on the day of the accident.
Further, the bill of sale dated September 21, 1992 is blank as to the name and address of the "purchaser". In relevant part, section 14-179(a) states: "NO SELLER SHALL ASSIGN TITLE OF A VEHICLE WITHOUT INSERTING THE BUYER'S NAME AND ADDRESS ON THE ASSIGNMENT AND WARRANTY OF TITLE." Id. (Capitalization in original).
Subsection (d) of section 14-179 provides that "[e]xcept as provided in section 14-180 (dealer) "and as between the parties, a transfer by an owner is not effective until the provisions of this section and 14-182 (fee payment) have been complied with." CT Page 5699
Therefore, the ownership of the Firebird on the date of the accident as respect to the plaintiff remains a material fact in issue. This becomes even more evident when the following statutory presumption is considered:
 Section 52-183. ". . . . In any civil action brought against the owner of a motor vehicle to recover damages for the negligent or reckless operation of the motor vehicle, the operator, if he is other than the owner of the motor vehicle, shall be presumed to be the agent and servant of the owner of the motor vehicle. . . . The defendant shall have the burden of rebutting the presumption."
It may very well be that at trial defendant may succeed in rebutting this presumption as to his ownership through the introduction of evidence as to the vehicle's transfer prior to the accident. However, a trier of fact is not bound to accept this evidence.
 "If no evidence relevant to the issue is produced, or, if countervailing evidence is produced but the trier does not believe it, the presumption applies, and the plaintiff is entitled to find the issue found in his favor."
Koops v. Gregg, 130 Conn. 185, 188 (1943).
Since ownership of the vehicle, therefore, remains an issue for resolution by the trier (jury), a material issue of fact exists and the defendant Keltos' motion for summary judgment is denied.
Skolnick, J.