At about 4:45 p. m. on March 1, 1948, the defendant Anthony E. Basco completed deliveries of alcoholic merchandise in a station wagon owned by the defendant Mary Rodek, his mother-in-law, and brought the car to a stop alongside of the southerly curb of Center Street, Southington, to return to his package store located nearby. Said defendant opened the left front door some 12 to 14 inches wide preparatory to alighting on the highway. The plaintiff was operating his car easterly on Center Street. It was when the plaintiff's car was parallel to the rear of the station wagon that the left front door of the latter car commenced to open. Center Street is of sufficient width to permit cars to be parked on either side and two other cars traveling in opposite directions to pass one another simultaneously. There is some evidence in the case that another car was parked almost opposite the station wagon. Upon seeing the door of the station wagon open, the plaintiff pulled left to avoid impact. He was not successful and struck the door, continued on some feet and struck a truck approaching from the opposite direction.
In this action the plaintiff seeks to recover of both defendants for damages sustained to his car. The complaint is one in negligence. Under the pleadings and offers of proof two questions are presented. The first relates to the proximate cause of the mishap; and the second (if proximate cause is found to be due to the sole negligence of Basco), to the liability of the defendant owner in addition to that of her son-in-law.
The court finds that Basco was negligent, that his negligence was the proximate cause of injuries sustained by the plaintiff's car, and that the plaintiff was free of any material contributory negligence. *Page 194 
It now remains to be considered whether the plaintiff's damages, determined to be in the amount of $185 with interest to date, should be charged to the defendant Mary Rodek, owner of the station wagon, as well as to her son-in-law, the defendant Anthony E. Basco. The liability of the latter defendant in any event is fixed by findings hereinbefore made.
It does not appear that Mrs. Rodek had any interest in Basco's package store. For all that appears, Mrs. Rodek had been permitting her son-in-law to use the station wagon in a gratuitous sense only. "The law does not, in determining agency, take account of indefinite considerations and possible motives of such a nature." Koops v. Gregg, 130 Conn. 185, 192.
Whether liability can be made to attach to Mrs. Rodek will depend upon the scope of the doctrine of the family car. In this connection the facts are that Mrs. Rodek had conferred general authority upon her son-in-law to use the car and owned the house in which he lived as a tenant with his wife (Mrs. Rodek's daughter) and child, and that she with her husband lived in the house next door. It could be found that on occasion Basco gave rides to his mother-in-law, but that he paid for the upkeep of the car; furthermore, the mother-in-law did not have an operator's license and neither she nor her husband knew how to drive.
In Connecticut the family car doctrine is of common law vintage. See O'Keefe v. Fitzgerald, 106 Conn. 294, 298. The cases relating to the scope of the doctrine are collected and discussed in the comparatively recent opinion of our Supreme Court in Durso v. A. D. Cozzolino, Inc., 128 Conn. 24. It will be noted (p. 29) that a required element is that the defendant sought to be charged "owns and maintains [the] car for the general use of his household." As already noted, Mrs. Rodek lived apart from Basco; they were not members of the same household. Hence the doctrine of the family car does not apply to this case. While the Supreme Court in the Durso case looked behind the fiction of a family-controlled corporation (p. 30), it did not otherwise relax the requirements pertaining to the doctrine under consideration.
In passing it is stated that the presumption of agency statute and the presumption of family car statute have not been overlooked by the court. These statutes are now contained in §§ 7905 and 7904 of the General Statutes, Revision of 1949. They were formerly §§ 1661c and 1658c of the 1935 Cumulative supplement. The court has followed the test enunciated *Page 195 
as to their application under the rule stated in Koops v. Gregg,
supra, and it avails the plaintiff nothing as to Mrs. Rodek. Parenthetically, it is added that the presumption of family car statute does not in terms refer to an "in-law" relationship disclosed in the case at bar. But this aspect need not be considered further beyond this comment in view of the outcome on this phase of the case.
In exonerating the defendant Mary Rodek from liability the court applies the principle that "liability cannot be imposed upon an owner merely because he intrust [the car] to another to drive upon the highways." Greeley v. Cunningham, 116 Conn. 515,518.
 Judgment may enter for the plaintiff to recover of the defendant Anthony E. Basco damages of $196.75 ($185 plus interest to date from March 1, 1948); and for the defendant Mary Rodek.
The outcome as to Mrs. Rodek is extremely close but warranted on technical considerations. A trial judge must follow the law as it is; he cannot decide cases according to what he thinks the law ought to be.
 SUPPLEMENTAL MEMORANDUM
Attention is called to the opinion of the Supreme Court inDibble v. Wolfe, 135 Conn. 428, released on the same day as the memorandum of decision in this case. A comparison of the facts in the two cases leads me to believe that the opinion of the majority of the Supreme Court in the case cited should not be held to warrant a different result in this case on the family car aspect.