[No. 33887.   Department Two.   April 25, 1957.]

JOHN GAMS, JR., *Respondent*, v. GEORGE OBERHOLTZER, *Appellant*.[1]

[1]Reported in 310 P. (2d) 240.

*Warren Hardy*, for appellant.

*Edward J. Brandmeier,* for respondent.

DONWORTH, J.—This action was brought to recover compensation for damage caused to plaintiff's automobile, which was struck, while parked, by an automobile driven by one Delbert F. Keller. Defendant was a passenger in the car driven by Keller, who was not joined as a party defendant. The case was tried to the court, which entered judgment for plaintiff on two grounds: (1) that defendant had engaged in a struggle with the driver for possession of a bottle of beer, and that this negligent act was a proximate cause of the collision; and (2) that defendant was the owner of the car and therefore liable for the negligence of Keller, who was driving as his agent. Defendant appeals.

The evidence shows that Keller, at that time a soldier in the United States army, arrived in Seattle, on leave, on the morning of August 20, 1953. He was met at the bus depot by appellant and another friend, William G. LeDuke. Keller wanted to buy a car to use while in Seattle, and the three men went to a used car lot. The dealer refused to sell Keller a car because he was a minor. The three men left, discussed the situation, and agreed that appellant, who was over twenty-one years of age, would acquire a car for Keller by taking title to it in his own name. They proceeded to a sec-

ond used car lot, where appellant paid for an automobile with one hundred dollars in cash supplied by Keller, signed the title certificate application in his own name, and drove the car off the lot. All three men took turns driving the car for about half an hour; Keller then drove LeDuke home and drove appellant to his room at the YMCA, keeping possession of the car.

On the evening of the same day, Keller drove to the YMCA and picked up appellant. The two then drove to the home of Mrs. Carol Robison, with whom Keller had a date, picked her up and drove to a beach, where they spent some time drinking beer and vodka. Keller and Mrs. Robison decided to go to a motion picture and to drop appellant off at his room on the way. While en route to the YMCA, Keller, who was driving, reached for a bottle which appellant was holding and, in so doing, lost control of the car, causing it to collide with plaintiff's parked vehicle.

Appellant assigns error to the entry of certain findings of fact as being incomplete statements of the facts. He also contends that the conclusions of law and the judgment are not based upon or supported by the findings.

The trial court found that "an altercation or scuffle occurred between the defendant and Delbert F. Keller over the possession of an open bottle of beer," and that their concurrent negligence was the cause of the accident. The only evidence at the trial as to how the accident happened was the following testimony of appellant:

"Q. And will you tell us to the best of your recollection just how this accident happened? A. Well, it seems while he was taking me back there was a bottle of beer involved and I believe I had it and he wanted a drink of it and he reached across Carol to get it and then the accident involved [sic]— Q. Lost control of the car? A. Yes. Q. And ran into this other automobile? A. Yes."

On cross-examination, appellant testified as follows:

"Q. Now, you stated that the control of the car was lost when Mr. Keller was reaching for a bottle of beer that you had in your possession; is that right? A. Yes. Q. Was that an open bottle of beer? A. Yes, it was. Q. Do you recall the occasion when we discussed this matter previously? Wasn't

that bottle identified as a bottle of vodka? A. That is what I believe it was and you asked me right there and I didn't even have time to think about it. Q. At that time wasn't it your statement that the bottle of vodka was in the possession of Mr. Keller and you were trying to get it from him? A. Yes, I thought so, but I was thinking about it over the weekend and I didn't even realize what it was. It was a long time ago."

■■ Appellant's testimony on his direct examination was a denial of any negligence on his own part which was a proximate cause of the collision; Keller's reaching for the bottle is given as the sole cause of the accident, and no altercation or scuffle is described. Appellant's acknowledgment, on cross-examination, of a prior inconsistent statement was admissible only to impeach his testimony and not to prove the facts encompassed in the prior statement. *State v. Fliehman*, 35 Wn. (2d) 243, 212 P. (2d) 794 (1949). In the absence of other testimony (there was none), we must hold that the evidence clearly preponderates against the trial court's finding that appellant caused the collision through his own negligent act.

We turn now to the trial court's finding that, regardless of any direct negligence on his part, appellant was the owner of the car and was therefore accountable for the negligence of Keller, who was driving as his agent.

■ Although the registration process was not complete at the time of the accident, we shall speak of appellant as the registered owner of the car. It is well established that a showing that a party is the registered owner of a motor vehicle raises a rebuttable presumption that he is the actual owner for the purpose of vicarious liability. *Delano v. La Bounty*, 62 Wash. 595, 114 Pac. 434 (1911); *Ferris v. Sterling*, 214 N. Y. 249, 108 N. E. 406 (1915); *Henry v. Condit*, 152 Ore. 348, 53 P. (2d) 722, 103 A. L. R. 131 (1936); *Lever Bros. Co. v. Stapleton*, 313 Ky. 837, 233 S. W. (2d) 1002 (1950); *Logan v. Serpa*, 91 Cal. App. (2d) 818, 206 P. (2d) 70 (1949); Annotation, 27 A. L. R. (2d) 167.

In the case before us, this presumption was met by the clear, convincing, and uncontradicted testimony of appel-

lant and another witness that Keller furnished the one hundred dollars paid for the automobile; that appellant signed the registration papers only because car dealers were unwilling to enter into a contract with Keller because of his minority; and that Keller took possession of the car after the sale and exercised dominion over it up to the time of the accident. The question we must consider is whether appellant, who may have committed a felony in violation of RCW 46.12.210 by misrepresenting material facts on the application for a certificate of ownership, should have been precluded at the trial from denying the truth of the representation of ownership which he made in the application.

The New York courts have held that one who deliberately and falsely registers as owner of a vehicle, in violation of a statute, is estopped, on grounds of public policy, from denying ownership after the vehicle has been involved in an accident. *Shuba v. Greendonner*, 271 N. Y. 189, 2 N. E. (2d) 536 (1936); *Elfeld v. Burkham Auto Renting Co.*, 299 N. Y. 336, 87 N. E. (2d) 285, 13 A. L. R. 370 (1949). Similarly, the courts of that state hold that a dealer who has unlawfully allowed his license plates to remain on a vehicle which he has transferred to another, is estopped from denying ownership after the transferee negligently causes an accident. *Reese v. Reamore*, 292 N. Y. 292, 55 N. E. (2d) 35 (1944); *Buono v. Stewart Motor Trucks*, 292 N. Y. 637, 55 N. E. (2d) 508 (1944); *Switzer v. Aldrich*, 307 N. Y. 56, 120 N. E. (2d) 159 (1954). Although the New York rule has been mentioned with approval in two recent cases *(Irvine v. Wilson*, 137 Cal. App. (2d) 843, 289 P. (2d) 895 (1955); *Eggerding v. Bicknell*, 20 N. J. 106, 118 A. (2d) 820 (1955)), we have found no case from any other jurisdiction which adopts it.

It is difficult to justify the New York decisions under the doctrine of estoppel, which requires the party asserting the estoppel to show that he relied upon the other party's representation and that this reliance induced action or forbearance of a definite and substantial nature. *State v. Northwest Magnesite Co.*, 28 Wn. (2d) 1, 182 P. (2d) 643 (1947). There is no indication that respondent in this case relied in any way upon appellant's representation of ownership, which

was made not to him but to the state vehicle registration authorities.

█ The general rule is that automobile registration statutes create only a public duty and do not render a violator either automatically liable to, or without recourse against, other drivers. Prosser on Torts (2d ed., 1955), § 34. The principle was well stated in a recent New Jersey decision holding that neither ownership nor agency should be conclusively presumed against a defendant dealer who had allowed his license plates to remain on a vehicle which he had transferred to another:

"Efforts to hold violators of motor vehicle regulatory statutes for damages for injuries consequent upon the operation of automobiles or to preclude their right of recovery for damages caused by the negligence of others have almost always been rebuffed *where no causal relation was discernable between violation and accident.*" (Italics ours.) *Burke v. Auto Mart,* 37 N. J. Super. 451, 117 A. (2d) 624 (1955); petition for certification denied, 20 N. J. 304, 119 A. (2d) 789.

We have held, on similar reasoning, that a plaintiff motorcyclist's right to recover for injuries caused by another's negligence is not barred by the fact that he was operating the motorcycle without a license (*Switzer v. Sherwood,* 80 Wash. 19, 141 Pac. 181 (1914)), and that unlawful conduct by one party does not preclude the formation of a host-guest relationship (*Sargent v. Selvar,* 46 Wn. (2d) 271, 280 P. (2d) 683 (1955)).

██ The legislature, in enacting RCW 46.12.210, authorized the imposition of a maximum penalty of a five thousand dollar fine and imprisonment for ten years on one convicted of misrepresenting a material fact on an application for a certificate of ownership of a motor vehicle. It is not our province to supplement this penalty with a punitive type of tort liability. We conclude that, since there was no causal connection between this appellant's violation of the statute and the accident which is the subject of this action, he was not precluded from introducing evidence to show that he was not the owner of the car. Since appellant's evidence to this effect was clear, convincing, corroborated, and

uncontradicted by anything in the record, it clearly preponderates against the trial court's finding that he was the owner of the car. For this reason, the negligence of the driver, Keller, cannot be imputed to appellant.

The judgment is reversed, and the cause is remanded to the superior court with directions to enter a judgment dismissing the action.

HILL, C. J., SCHWELLENBACH, ROSELLINI, and FOSTER, JJ., concur.

August 14, 1957. Petition for rehearing denied.

[1]Reported in 310 P. (2d) 236.