[No. 633-3. Division Three. April 9, 1973.]

JOHN H. CRAWFORD, *Appellant*, v. J. D. WELCH, JR., *et al.*, *Defendants*, JOHN T. CASEY, *Respondent*.

*Eugene T. Golden* (of *Williams & Golden*), for appellant.
*John S. Biggs* (of *Reese & Mitchell*), for respondent.

MUNSON, J.—Plaintiff, John H. Crawford, a judgment creditor of defendant E. C. Welch, sought execution on a number of antique cars warehoused in Walla Walla County and owned by Welch. The sheriff executed on the cars December 4, 1970. Third-party claimant, John T. Casey, respondent herein, an attorney in Portland, Oregon, alleged he was the owner of the automobiles at the time of the levy of execution. A hearing was held to determine the rights of the parties to this property. The court found Casey was the owner of the property as of December 4, 1970, and the levy was released. Crawford appeals.

Plaintiff first contends that as of December 4, 1970 there was no legal transfer of ownership of the automobiles from Welch to Casey. Consequently, the automobiles were still the "property . . . of the judgment debtor" and were, therefore, liable to execution. RCW 6.04.060.

There is evidence that prior to the date of execution Welch delivered to Crawford bills of sale and, over a period of time, registered titles to these vehicles. When the transactions between Welch and Casey were consummated, all the registered titles were not available to Welch. However, at the time of the levy on December 4, 1970, all of the registered titles had been delivered to Casey, who had forwarded them to the Oregon Department of Motor Vehicles, along with an application for reregistration of the vehicles in that state.

 Under these facts, we believe RCW 62A.2-401(3) applies:

> (3) Unless otherwise explicitly agreed where delivery is to be made without moving the goods,
> (a) if the seller is to deliver a document of title, title passes at the time when and the place where he delivers such document; . . .

Title to the vehicles had been delivered to Casey as of December 4, 1970. This is sufficient to pass title under RCW 62A.2-401(3). Documents of title to the vehicles, however, had not been formally transferred into Casey's name. Registration and title certificates are only prima facie evidence of ownership, which evidence is rebuttable. *Junkin v. Anderson*, 12 Wn.2d 58, 74-76, 120 P.2d 548, 123 P.2d 759 (1941-42); *Gams v. Oberholtzer*, 50 Wn.2d 174, 310 P.2d 240 (1957). It is also true that the physical location of the vehicles had not changed after the transfer; they were not in Casey's physical possession, but only in his legal possession. The factual situation concerning the physical possession of the vehicles, just like the factual situation concerning whose name was on the registration and title certificates, is only a fact to be taken into consideration by the trier of fact and is not conclusive of the issue of ownership. These are questions of fact resolved by the trial court upon the basis of the veracity and credibility of witnesses.

 The trial court's findings that Casey was the owner of the vehicles at the time of the levy of execution and that Casey had documentary title to the vehicles at that time,

are supported by substantial evidence. *Thorndike v. Hesperian Orchards, Inc.,* 54 Wn.2d 570, 343 P.2d 183 (1959). The resultant conclusion that Crawford's levy of execution of December 4, 1970, upon property no longer owned by debtor Welch, had no effect is hereby affirmed.

Secondly, Crawford urges that Casey violated RCW 65.08.040 by failing to record the bills of sale in the Walla Walla County Auditor's Office within 10 days after the sale was made and that such a failure vitiates the transaction. Such an allegation would have been correct prior to the adoption of the Uniform Commercial Code in this state. However, when the legislature adopted the UCC, they specifically repealed RCW 65.08.040, said repealer being codified in RCW 62A.10-102(1) (a) (xvi). This fact is called to the reader's attention in the Washington Comments contained in RCWA 62A.2-402.[1]

Finally, Crawford contends that conveyance of the vehicles from Welch to Casey was a fraudulent conveyance. The trial court found the transaction between Welch and Casey to have been conducted in good faith with no intent to defraud creditors, and further found fair consideration to have been paid for these vehicles. These findings are supported by substantial evidence. *Thorndike v. Hesperian Orchards, Inc., supra.*

Judgment affirmed.

McINTURFF and SWANSON, JJ., concur.

Petition for rehearing denied June 11, 1973.

Review denied by Supreme Court August 27, 1973.

---

[1]Recognizing that R. Cosway, *Sales—A Comparison of the Law in Washington and the Uniform Commercial Code,* 35 Wash. L. Rev. 617, at 653 (1960) does call attention to RCW 65.08.040 as being a factor to be considered in interpreting RCW 62A.2-401 and -402; it must be pointed out that the article was written in 1960, some 5 years prior to the adoption of the UCC by the legislature of this state, and prior to the express repeal of RCW 65.08.040.