[No. 5226–1–II.   Division Two.   June 24, 1982.]

BAYDO'S TRAILER SALES, INC., *Respondent,* v. THE
DEPARTMENT OF LICENSING, *Appellant.*

*Kenneth O. Eikenberry, Attorney General,* and *Maureen A. Hart, Assistant,* for appellant.

*Tom Faubion,* for respondent.

WORSWICK, J.—The Department of Licensing (DOL) appeals a superior court order reversing a decision of its Director which imposed a $500 civil penalty against Baydo's Trailer Sales, Inc. (Baydo's) for failing to comply with certain vehicle title and licensing provisions of RCW Title 46. At issue is whether Baydo's "disposed of a vehicle" within the meaning of RCW 46.12.120 and thereby triggered its obligation to submit to the DOL an application for title transfer and license registration. Also at issue is whether Baydo's violated WAC 308–56A–420(2) and (3) by failing to present to a license agent copies of the dealer's temporary license permit which Baydo's had issued to the vehicle buyer. We hold that the Director's order was lawful and justified by the facts, and reverse.

On August 15, 1978, Baydo's entered into an agreement with one Eleanor Daker for the sale of a 1978 travel trailer. Daker was to pay $20 that day, $2,000 at or before delivery and the balance of $4,309.25 through financing. The $20 was paid.

On August 18, Daker gave Baydo's a check for $4,309.25 issued by Rainier Bank. Mistakenly believing that Daker had already paid the $2,000, Baydo's delivered the trailer and a receipt marked "paid in full." A 15–day dealer's temporary license permit was prepared and affixed to the trailer.

Baydo's soon discovered that the $2,000 had not been paid and began efforts to collect it. On May 1, 1979, the DOL Director issued a proposed order ruling that Baydo's sold the trailer in August 1978, and had violated RCW 47.12.120 and WAC 308–56A–420 by failing to complete and send to the DOL the title and license forms required by law. Baydo's requested an administrative hearing.

Baydo's obtained judgment for $2,000 against Daker on July 16, 1979, and, on August 7, 1979, sent an assignment and warranty of title to the DOL together with the buyer's application for a new certificate of title as required by RCW 46.12.120.

After the hearing, the DOL Director assessed a $500 civil penalty against Baydo's for violating RCW 46.12.120 and WAC 308–56A–420. Baydo's appealed to superior court pursuant to RCW 46.70.102. The trial court adopted the Director's findings but reversed, holding that Baydo's had no obligation to comply with RCW 46.12.120 and WAC 308–56A–420 until title to the trailer passed to the buyer. Under the purchase agreement, title did not pass until Daker paid the full purchase price, which occurred sometime between July 16 and August 7, 1979. The DOL appeals.

The facts are undisputed; only questions of law are presented. Therefore, we review by applying the error of law standard under which we substitute our judgment for that of the agency while giving substantial weight to the agency's view of the law. *Franklin Cy. Sheriff's Office v. Sellers*, 97 Wn.2d 317, 325, 646 P.2d 113 (1982).

Under RCW 46.70.101(1)(b)(i), the DOL Director has the authority to assess a monetary civil penalty against a vehicle dealer who fails to comply with RCW 46.12 or 46.16 or

any rules and regulations adopted thereunder, if the order is in the public interest. RCW 46.12.120 states in pertinent part:

> [A] dealer . . . shall, on selling or *otherwise disposing of the vehicle,* promptly execute the assignment and warranty of title . . . and mail or deliver them to the department with the transferee's application for the issuance of new certificates of ownership and license registration . . .

(Italics ours.)

The State contends that Baydo's disposed of the trailer on August 18, 1978, and violated RCW 46.12.120 by failing thereafter promptly to execute and forward an assignment and warranty of title to the DOL. Baydo's contends it did not dispose of the trailer until Daker paid the $2,000 pursuant to the judgment and that thereafter it complied promptly with RCW 46.12.120. Baydo's argues that the terms "sale" and "dispose of" are synonymous; it argues that in commercial parlance a sale consists of the passing of title from the seller to the buyer[1] and a seller therefore does not dispose of a vehicle until title passes. It contends that under the purchase agreement title did not pass until Daker paid the $2,000. We hold that Baydo's violated the statute.

The pertinent statutory language, "sell *or* otherwise dispose of," is not susceptible to the interpretation Baydo's advances. Although it has been ·held that the phrase "sell *and* dispose of" means the words are synonymous (*see Phelps v. Harris,* 101 U.S. 370, 383, 25 L. Ed. 855 (1879)), where they are in the disjunctive, "dispose of" has a larger meaning than "sell." *McLaren Gold Mines Co. v. Morton,* 124 Mont. 382, 224 P.2d 975 (1950). Disposal occurs upon the transferring of title to *or* absolute possession of the property. *Scott v. State,* 6 Ga. App. 332, 64 S.E. 1005, 1006 (1909). "Disposing" includes such alienations of property as pledges, pawns, gifts and bailments. *J.M. Carey*

---

[1]RCW 62A.2–106.

*& Brother v. Casper,* 66 Wyo. 437, 213 P.2d 263 (1950) quoting *Bullene v. Smith,* 73 Mo. 151, 161 (1880). A bailment does not involve the transfer of title. 8 C.J.S. *Bailments* § 20 (1962).

More importantly, these regulatory statutes have a broader public purpose than the immediate rights of seller and buyer *inter se* and do not purport to deal with, let alone affect, such rights. RCW 46.12 and 46.16 regulate vehicle titling, registration and licensing for the purpose of protecting, providing notice to and collecting revenues from the public. For example, RCW 46.12.095 provides the means for the perfection of a security interest, RCW 46.12-.040 compels the payment of fees and RCW 46.12.030(1) is aimed at preventing vehicle theft. Baydo's had no authority to prevent Rainier Bank from perfecting its security interest or to impede DOL efforts to collect taxes and impart notice to prospective purchasers of the travel trailer that it was encumbered by the bank's security interest.

Baydo's would not, by complying with RCW Title 46, have forfeited its remedies against the buyer for the balance due. Registration and title certificates are only rebuttable prima facie evidence of ownership. *Crawford v. Welch,* 8 Wn. App. 663, 664, 508 P.2d 1039 (1973). The validity of a sale as between the parties is not controlled by the State's certificate of ownership laws. *Junkin v. Anderson,* 12 Wn.2d 58, 74–76, 120 P.2d 548, 123 P.2d 759 (1941).

In summary, we hold that where a dealer delivers possession of a vehicle to a buyer in the belief, albeit mistaken, that the sale is complete, the dealer's obligation to comply with RCW Title 46 is fixed and compliance is not excused by the subsequent discovery of a mistake.

The second issue is whether Baydo's violated WAC 308–56A–420. Under that regulation, which was enacted pursuant to RCW 46.16.045, a selling dealer who issues a dealer's temporary license permit must complete and present copies to a license agent within 15 calendar days. As far as the record shows, Baydo's never complied with WAC 308–56A–420(2) or (3), and the findings of fact adopted by the trial

court (VII) indicate this was never done. We assume the trial court felt that if there had been no violation of RCW 46.12.120, there was no violation of this regulation. It follows from our conclusion concerning the statute that the regulation was also violated.

The trial court's order is reversed and the order of the Director of the DOL is reinstated.

REED, C.J., and PETRIE, J., concur.